1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10 TYRRALL F. CANNON,

11       Plaintiff,             No.  CIV S-05-0046 MCE DAD P

12   vs.

13 CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

14

15       Defendants.        FINDINGS AND RECOMMENDATIONS
_____/

16       Plaintiff, a state prisoner confined in Ironwood State Prison, commenced this

17 action by filing an application to proceed in forma pauperis.  The application was presented on a

18 form intended for use in a civil rights action and identifies defendants as "California Department

19 of Correction et al."  In the interests of justice, the Clerk of the Court opened a civil rights action

20 for plaintiff, and the undersigned directed the Clerk to provide plaintiff with a civil rights

21 complaint form.  Plaintiff's initial pleading is now before the court.

22       The court is required to screen any complaint brought by a prisoner seeking relief

23 against a governmental entity or officer or employee of such an entity.  28 U.S.C. § 1915A(a).

24 The court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim

25 upon which relief may be granted, or that seek monetary relief from a defendant who is immune

26 from such relief.  28 U.S.C. § 1915A(b)(1) & (2).

1

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8      A complaint should be dismissed for failure to state a claim upon which relief

9  may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support

10 of the claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73

11 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  For

12 purposes of reviewing a complaint under this standard, the court accepts as true the allegations of

13 the complaint.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court

14 also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in

15 the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16      The Civil Rights Act under which this action was filed provides as follows:

17         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
18         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
19         law, suit in equity, or other proper proceeding for redress.

20 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21 actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See

22 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23 (1976).

24      "A person 'subjects' another to the deprivation of a constitutional right, within the

25 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26 omits to perform an act which he is legally required to do that causes the deprivation of which

2

complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

personnel are generally not liable under § 1983 for the actions of their employees under a theory

of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the

causal link between him and the claimed constitutional violation must be specifically alleged.

<u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441

(9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d

266, 268 (9th Cir. 1982).

   In the civil rights complaint filed in this action on February 22, 2005, plaintiff

appears to identify as defendants (1) Jeanne Woodford, Director of the California Department of

Corrections; (2) Michael Ramos, District Attorney for the County of San Bernardino; (3) M.

Daly, Deputy District Attorney for the County of San Bernardino; and (4) M. Mandabach, Judge

of the San Bernardino County Superior Court.  On a separate page captioned for filing in the

Fresno Division of this court, plaintiff lists additional defendants.  The court is unable to

determine whether the numerous individuals and entities listed on the separate page are

defendants in this case or defendants in another action.  Plaintiff reveals that he has filed several

habeas petitions in San Bernardino County, where he was convicted, and in Riverside County,

where he is confined.  Plaintiff indicates that he has filed multiple habeas petitions in the United

States District Court for the Central District of California.  He alleges that the most recent of

those petitions was disposed of in 2004 after he appealed to the United States Supreme Court and

"resubmitted to 9th Cir," after which he "resubmitted to this court for review."

   Plaintiff seeks relief as follows:

1. Order plaintiff release [sic] from condition [sic] of slavery, and without parole.

2. Release plaintiff from condition in state prison, related to genocide, kidnapping, false imprisonment, and denied work time good/time credits from prior contracts plea bargains, and racial and discrimantion [sic] policy and pratices [sic].

3. Hold each and every defendents [sic] and divers [sic] reliable [sic] for court costs and for attorney fees, and the cost of requested jury trial, and acts that constitute – treason and or imprison [sic].

4. Order punitive and compensation damages for pain and sufferings.

5. Jury trial on all triable issues.

(Compl. at page numbered 8.)  Plaintiff alleges numerous violations of his rights during criminal proceedings in San Bernardino County in 2002.  Plaintiff also complains of the conditions of his confinement and the calculation of time credits by CDC officials,  In a separate document titled "Exhaustion of Remedies, in Support of Civil Rights Complaint," plaintiff alleges that he is being subjected to cruel and unusual punishment and conditions of slavery.

Plaintiff's sole federal remedy for obtaining relief with regard to his conviction and sentence is a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff cannot challenge the constitutionality of his conviction and sentence in a civil rights action.  It appears from plaintiff's allegations that he has already challenged his San Bernardino County conviction and sentence in the United States District Court for the Central District of California, where venue is proper.  The United States District Court for the Eastern District of California cannot "review" the decisions of any other district court, a federal appellate court, or the United States Supreme Court.  Accordingly, the undersigned finds that plaintiff's habeas claims, as presented in this civil rights action, are legally frivolous and fail to state a claim upon which relief may be granted.  These claims must be dismissed.

Plaintiff's claims for damages arising from false imprisonment and from denial of time credits must also be dismissed.  Where a prisoner seeks money damages based on allegations that necessarily imply the invalidity of his continued confinement, the prisoner may not seek damages pursuant to § 1983 until he establishes, through appropriate state or federal remedies, that his confinement is illegal.  Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

4

1        Plaintiff's claims concerning his conditions of confinement arose in Riverside

2  County.  The federal venue statute requires that a civil action, other than one based on diversity

3  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

4  defendants reside in the same State, (2) a judicial district in which a substantial part of the events

5  or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

6  of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

7  no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  Venue of this

8  action is technically proper in the Eastern District of California because plaintiff has sued one or

9  more defendants who reside in this district.  However, plaintiff has alleged no facts establishing a

10  causal link between defendant Woodford, who holds a supervisorial position, and any claimed

11  violation of his rights.  Plaintiff's complaint contains no allegations against any of the

12  supervisorial defendants listed on a separate page.  Because plaintiff has sued supervisorial

13  defendants for damages solely on a theory of respondeat superior, all of these defendants are

14  subject to dismissal from the action.  Venue would then be improper in this district because no

15  other defendant resides here.  Plaintiff's claims concerning the conditions of his confinement in

16  Ironwood State Prison should be brought and litigated in the United States District Court for the

17  Central District of California.

18        Due to the defects of plaintiff's pleading and plaintiff's own allegations

19  concerning other actions previously brought in the Central District of California, this court will

20  not transfer the present action to the Central District of California.  The undersigned will

21  recommend that all of plaintiff's claims be dismissed without prejudice to pursuit in the proper

22  form of action in the proper court, if plaintiff has not previously brought such actions.  Plaintiff's

23  motion for in forma pauperis status should be denied because this civil rights action fails to state

24  a civil rights claim upon which relief may be granted in this court.  See 28 U.S.C. § 1915(e)(2).

25  /////

26  /////

1           Accordingly, IT IS HEREBY RECOMMENDED that:

2           1.  Plaintiff's January 10, 2005 motion to proceed in forma pauperis be denied;

3    and

4           2.  All claims in this action be dismissed without prejudice.

5           These findings and recommendations will be submitted to the United States

6    District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

7    twenty days after being served with these findings and recommendations, plaintiff may file

8    written objections with the court.  A document containing objections should be titled "Objections

9    to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

10   objections within the specified time may, under certain circumstances, waive the right to appeal

11   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12   DATED: August 29, 2005.

13

14                                             DALE A. DROZD

15   DAD:13                                    UNITED STATES MAGISTRATE JUDGE

16   cann0046.56

17

18

19

20

21

22

23

24

25

26